IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SHELL SCOTT ATWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-cv-0894-DCN-KFM |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security,[1] | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Magistrate Judge Kevin F. McDonald's Report and Recommendation ("R&R"), ECF No. 26, that the court affirm Commissioner of Social Security Andrew Saul's (the "Commissioner") decision denying Shell Scott Atwell's ("Atwell") application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons discussed below, the court adopts the R&R and affirms the decision of the Commissioner.

## I. BACKGROUND

**A. Procedural Background**

Atwell filed an application for DIB on September 26, 2012, alleging a disability onset date of December 21, 2010. Atwell's coverage under the Act expired on December 31, 2017 ("date of last insured"), meaning that Atwell must establish that he was "disabled" within the meaning of the Act on or before that date to be entitled to DIB. The Social Security Administration ("the Agency") denied Atwell's application initially

---

[1] Andrew Saul is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is automatically substituted for Nancy A. Berryhill, former Commissioner, as the defendant in this lawsuit.

1

and upon reconsideration.  Atwell requested a hearing before an administrative law judge ("ALJ"), and ALJ Gregory M. Wilson presided over a hearing held on April 3, 2015.  In a decision issued on July 24, 2015, the ALJ determined that Atwell was not disabled within the meaning of the Act (the "2015 ALJ Decision").  Tr. 13–27.  Atwell requested review of the 2015 ALJ Decision, and on October 25, 2016, the Appeals Council denied Atwell's request for review, making the 2015 ALJ decision the final decision of the Commissioner.

Atwell filed a civil action seeking review of the 2015 ALJ Decision with this court on November 4, 2016.  See Atwell v. Berryhill, 6:16-cv-3559-PMD, ECF No. 1.  On June 15, 2017, the Commissioner, "believ[ing] that further administrative action [wa]s warranted," filed a motion to remand the matter pursuant to 42 U.S.C. § 405(g).  Id., ECF No. 16 at 1.  On July 6, 2017, the court granted the motion, reversed the decision of the Commissioner, and remanded the matter for further consideration.  Tr. 595–96.  Accordingly, on October 23, 2017, the Appeals Council vacated the decision of the Commissioner and remanded the matter to the same ALJ, Gregory M. Wilson.  Tr. 603–04.  The ALJ presided over a second hearing on April 6, 2018.  In a decision issued on May 30, 2018, the ALJ again determined that Atwell was not disabled at any point between his disability onset date and date of last insured (the "2018 ALJ Decision").  Tr. 505–24.

Atwell filed this action seeking review of the 2018 ALJ Decision with the court on March 25, 2019.  Compl.  Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the matter was assigned to Magistrate Judge McDonald, who issued an R&R on June 3, 2020, recommending that this court affirm the ALJ's decision.

ECF No. 26. On June 17, 2020, Atwell filed objections to the R&R, ECF No. 28, and on June 29, 2020, the Commissioner responded, ECF No. 15. As such, this matter is now ripe for the court's review.

### B. Medical History

The parties are familiar with Atwell's medical history, the facts of which are ably and thoroughly recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Atwell's objections to the R&R. In June 2011, Atwell was involved in a motorcycle accident and reported some lower back and left leg pain as a result. From 2013 to 2015, Atwell sought treatment for pain in his left shoulder and throughout his lower back. After the Commissioner initially denied Atwell's application for DIB in 2015, Atwell returned to work, getting a job from a friend with a construction company in January 2016. Atwell explained that his friend gave him tasks he could handle, "like maybe cleaning up or something like that." Tr. 540. In July 2016, Atwell's friend was replaced by a new boss, who assigned Atwell more strenuous tasks, like hanging sheetrock. On July 26, 2016, Atwell reported that he suffered an injury to his upper back and neck while lifting a piece of sheetrock, for which he sought treatment throughout 2016, 2017, and 2018. Tr. 780. After his July 26, 2016 work injury, Atwell stopped working entirely. Atwell was forty-seven years old on his disability onset date and fifty-four years old on his date of last insured. He has past relevant work as a construction laborer, truck driver, and equipment operator.

### C. The 2018 ALJ Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Atwell was disabled at any point between his alleged onset date of December 31, 2010 and his date of last insured, December 31, 2017, the ALJ employed the statutorily required five-step evaluation process. At step one, the ALJ found that Atwell did not engage in substantial gainful employment during the period between his alleged onset date and date of last insured. Tr. 568. The ALJ noted that Atwell returned to work briefly during that time period but ultimately determined that such "work activity did not rise to the level of substantial gainful activity." Id. At step two, the ALJ determined that Atwell suffered from the following severe impairments: "degenerative disc disease; left shoulder pain; hypertension; and obesity[.]" Tr. 568. At step three, the ALJ found that Atwell's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 571–72. Before reaching the fourth step, the ALJ determined that Atwell retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR [§] 404.1567(b)." Tr. 572. The ALJ found, at the fourth step, that Atwell was unable to perform any past relevant work. Tr. 577–78. However, at step five, the ALJ determined that based on his RFC, Atwell could perform jobs that exist in significant numbers in the national economy. Tr. 578–79. Therefore, the ALJ concluded that Atwell was not disabled under the meaning of the Act during the period at issue. Tr. 579.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The

recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir.

1987).  While the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).

### III.   DISCUSSION

Atwell lodges two objections to the R&R.  First, Atwell objects to the Magistrate Judge's finding that the ALJ properly evaluated the medical opinion evidence.  Second, Atwell contends that the Magistrate Judge erred in finding that the ALJ properly considered Atwell's subjective complaints about his symptoms and limitations.  The court addresses each objection in turn and finds that neither warrants reversal.

**A.  Medical Opinion Evidence**

Atwell argues that the ALJ improperly evaluated the medical opinion evidence from two of Atwell's treating physicians, Dr. Paul E. Thompson and Dr. Sung J. Han, as well as one of Atwell's examining physicians, Dr. Stephen Smith.  The court reviews the standard an ALJ must employ in his or her consideration of medical opinion evidence and then discusses Atwell's specific arguments with respect to each opinion in turn.

Regardless of the source, an ALJ must evaluate every medical opinion a claimant provides.  20 C.F.R. § 404.1527(c).  Where a claimant provides an opinion from a "treating source", the opinion is generally entitled to significant weight in the determination of disability under the treating physician rule.  20 C.F.R. § 404.1527(c)(2); see Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983).  In fact, the regulations demand that a medical opinion from a treating source be afforded "controlling weight" where it is "well-supported by medically acceptable clinical and laboratory diagnostic

7

techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The Fourth Circuit has noted the treating physician rule's good sense:

> treating physicians are given more weight . . . since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone[].

Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)) (internal quotation marks omitted).

Where an opinion is not entitled to deference under the treating physician rule, the ALJ still must apply several factors to determine the weight the opinion should be afforded. 20 C.F.R. § 404.1527(c)(2). Those factors are: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, that is, the extent to which it is consistent with medical signs and laboratory findings, (4) the consistency of the opinions with the record and other opinions, (5) whether the physician is a specialist, and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(2)–(6). The ALJ must give "good reasons" in the decision for his or her assignment of weight to a treating source's opinion, 20 C.F.R. §§ 404.1527(c)(2), meaning that the decision

> must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight

>  the adjudicator gave to the treating source's medical opinion and the reasons
>  for that weight.

SSR 96-2P.

The Fourth Circuit does not mandate an express discussion of each factor, and this court has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010). A district court will not disturb an ALJ's determination as to the weight assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 624 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

Dr. Thompson, who the parties agree is a treating physician, provided several medical opinions for the ALJ's consideration. To the extent that those opinions concerned the ultimate issue of disability, the ALJ accorded them "little weight", a finding to which Atwell does not object.[2] Dr. Thompson also opined the Atwell should avoid heavy lifting or pulling, an opinion which the ALJ determined was consistent with the objective medical evidence, warranted "great weight", and which is reflected in the ALJ's determination of Atwell's RFC. Atwell does not argue that the ALJ erred with respect to his evaluation of that opinion. In March 2015, Dr. Thompson opined that Atwell's impairments caused various functional limitations, including an inability to sit

---

[2] And rightfully so. As the R&R noted, the ALJ was not obligated to give credence to opinions on the ultimate issue of disability. See ECF No. 26 at 15; see also 20 C.F.R. § 404.1527 ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

for more than 20 minutes at a time, to stand for more than 30 minutes at a time, or to sit or stand for more than two hours collectively in an eight-hour workday. Tr. 520. The ALJ afforded this opinion "little weight" based on evidence in the record that the ALJ found to be inconsistent with the extent of the limitations reflected in Dr. Thompson's opinion. To this finding, Atwell objects. Specifically, Atwell argues that the ALJ cannot discount Dr. Thompson's opinion by relying on evidence that Atwell responded positively to "conservative care" treatments. Atwell explains that the fact that Atwell's symptoms "were relatively controlled with medication" does not means that they are "fully and completely controlled." ECF No. 28 at 1.

As an initial matter, the regulations authorized the ALJ to consider the extent to which Atwell's response to treatment was consistent with Dr. Thompson's opinion. The ALJ noted that Dr. Thompson's notes reveal that treatment for Atwell's impairments was relatively conservative and produced some successful results, observations which are inconsistent with the extreme limitations reflected in his opinion. Tr. 519–20. The court agrees with the R&R that the ALJ properly considered evidence of Dr. Thompson's treatment notes in evaluating his opinions. 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Moreover, Atwell's argument ignores the fact that Atwell's positive response to a conservative treatment regime was only one of the grounds on which the ALJ relied in according "little weight" to Dr. Thompson's March 2015 opinion. As the R&R explained, the ALJ also relied on the fact that "the extreme limitations opined by Dr. Thompson were also inconsistent with [Atwell's] work activity, as he continued to work on or after the alleged onset date and returned to work in 2016 . .

. ." ECF No. 25 at 15.  The court agrees that the ALJ's consideration of Atwell's work activity after his disability onset date was proper.  See Sigmon v. Califano, 617 F.2d 41, 42–43 (4th Cir. 1980) ("The general rule is one amply supported by common sense: the [Commissioner] can consider work done by the claimant after the alleged onset of disability as tending to show that the claimant was not then disabled.").  The ALJ also relied on other substantial medical evidence in the record and explained how that evidence justified his evaluation, none of which Atwell challenges here.  Tr. 520.  Finally, as the R&R also noted, the limitations Dr. Thompson espoused in his opinions are contradicted by comments Atwell made in 2017, in which he denied experiencing any symptoms prior to his July 26, 2016 work injury, aside from some lower back problems in the remote past.  Tr. 904.  To be sure, evidence of a claimant's response to treatment, standing alone, may well be an insufficient ground for an ALJ to accord "little weight" to the opinion of a treating physician.  However, it is a proper consideration under the law and, here, it was one of several grounds on which the ALJ relied for his evaluation.  In other words, the ALJ's reliance on Atwell's response to treatment was proper, and his decision to accord "little weight" to Dr. Thompson's March 2015 opinion is supported by substantial evidence.  The court's limited inquiry ends there.

With respect to Dr. Han, Atwell submits two arguments.  First, he argues that "Dr. Han's opinion generally supports that of Dr. Thompson." ECF No. 28 at 2.  As an initial matter, this court determined above that the ALJ's evaluation of Dr. Thompson's opinion is supported by substantial evidence.  As such, the court cannot disturb that finding merely because the record contains other evidence that weighs against it.  See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) ("In reviewing for substantial evidence, we

do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]."). Moreover, the court disagrees with Atwell's conclusion that Dr. Han's opinion supports Dr. Thompson's. As the record clearly reflects, and as the R&R thoroughly explained, Atwell sought treatment from Dr. Han after his July 26, 2016 work injury to his neck and upper spine. Atwell obtained treatment from Dr. Han in October of 2016 and denied experiencing any symptoms prior to his work injury, aside from lower back problems in the remote past, Tr. 904, and also denied any history of arm pain, Tr. 822. As the ALJ explained, Atwell's treatment relationship with Dr. Han was specific to Atwell's work injury, and Dr. Han's opinions reflected Atwell's condition with respect to his July 26, 2016 work injury and "were temporary in nature." Tr. 521. As the ALJ also pointed out, Atwell's neck condition improved dramatically with respect to his pain and functioning under the care of Dr. Han. Dr. Thompson's opinions, as described above, reflect Atwell's condition prior to his work injury and concern Atwell's shoulder and back, rather than his neck. As such, the court fails to see how Dr. Han's opinion supports the earlier opinions provided by Dr. Thompson.

Second, Atwell argues that "the ALJ dismissed the opinion of Dr. Han because he had only been treating Mr. Atwell for a few months when the opinion was rendered." ECF No. 28 at 2. The court disagrees. The ALJ noted that Dr. Han "is a treating source and a specialist" but also stated that "he had only been treating [Atwell] for a few months at the time [his] opinion was rendered." Tr. 521. The extent of the treatment relationship is a proper consideration under the regulations. 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have

been seen by a treating source, the more weight we will give to the source's medical opinion."). Moreover, the ALJ provided an ample explanation, rooted in evidence in the record, for his decision to accord Dr. Han's opinion "limited weight". The ALJ also explained that: (1) Dr. Han's opinions concerned limitations that were temporary in nature, (2) the extent of the limitations reflected in Dr. Han's opinion was inconsistent with this own treatment notes, and (3) Atwell's condition had improved since Dr. Han rendered his opinion. Tr. 521. Atwell does not argue that the ALJ's reliance on such evidence was in error. As such, the court finds that the ALJ's evaluation is supported by substantial evidence and was not based on an error of law.

Finally, Atwell vaguely argues that "[t]he ALJ failed to give the opinion of Dr. Smith precedence over those of the non-examining doctors Van Slooten and Upchurch." ECF No. 28 at 2. As the Commissioner indicates, Atwell presented the same argument to the Magistrate Judge. The R&R explains:

> [Atwell] also argues that the April 2013 opinion from consultative examiner Dr. Smith "is of much greater value" than the opinions of the state agency medical consultants. [Atwell] fails to point to any evidence supporting the opinion and also does not identify any particular error in the ALJ's consideration of Dr. Smith's opinion, other than that Dr. Smith examined [Atwell], and the state agency medical consultants did not.

ECF No. 26 at 21. The court agrees with the Magistrate Judge that Atwell's argument fails to direct the court to any particular error. Reviewing that portion of the R&R for clear error, the court again agrees with the Magistrate Judge that the ALJ's evaluation of Dr. Smith's opinion relied upon the proper standard and is supported by substantial evidence. Accordingly, the court rejects Atwell's first objection.

### B. Atwell's Subjective Complaints

Atwell objects to the Magistrate Judge's finding that the ALJ properly considered Atwell's subjective complaints of his pain and other symptoms. An ALJ evaluates a claimant's subjective complaints of symptoms pursuant to a two-step process. First, the ALJ must find an underlying impairment that has been established by objective medical evidence and that would reasonably be expected to cause the claimant's subjective complaints. Craig, 76 F.3d at 591–96. Second, the ALJ considers the record to assess the claimant's credibility regarding the severity of his or her subjective complaints, including pain. See id. (citing 20 C.F.R. § 404.1529(c)). The regulations authorize an ALJ to consider the following factors in evaluating a claimant's subjective complaints of symptoms:

(1) the claimant's daily activities;

(2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms;

(3) factors that precipitate and aggravate the symptoms;

(4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms;

(5) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms;

(6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms [ ]; and

(7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

Atwell explains that the ALJ's statements that Atwell "actively worked on his motorcycle" and "actively takes care of his aging relatives" are not supported by the

14

evidence and that, even if they were, those activities do not "negate the conclusion that Atwell is disabled." ECF No. 28 at 3. The court disagrees on both fronts. As an initial matter, the ALJ's statement that Atwell occasionally worked on his motorcycle and cared for elderly relatives at some point during the relevant period is clearly supported by evidence in the record. See Tr. 211; 357. Moreover, Atwell's argument again ignores the majority of the ALJ's analysis, in which he articulated various other reasons for his evaluation of Atwell's subjective complaints. In other words, Atwell only challenges one of the many pieces of evidence on which the ALJ relied. For example, the ALJ relied upon treatment notes denoting improvements in Atwell's condition; evidence that Atwell reported he had no symptoms prior to his July 26, 2016 work injury, aside from some back pain in the remote past; records indicating that Atwell had normal gait, normal sensation, and full strength in his right upper and lower extremities; evidence that Atwell rode his motorcycle as recently as 2014 and was involved in a motorcycle accident in 2011; and evidence that Atwell returned to work in 2012 and again in 2016. Tr. 518. The law authorizes, and the evidence here supports, each of these considerations. Therefore, the court rejects Atwell's second objection. As such, the court adopts the R&R and affirms the decision of the Commissioner.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the final decision of the Commissioner.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 1, 2020**
**Charleston, South Carolina**